IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Devonte Smith, | Case No.: 2:24-cv-03503-RMG |
| Plaintiff, | |
| vs. | COMPLAINT |
| The United States of America, | |
| Defendant. | |

The Plaintiff, complaining of the Defendant above-named, hereby alleges and pleads as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Jurisdiction is founded on 29 U.S.C. §§1346(b).

2. In accordance with 28 U.S.C. § 1391, venue is proper in the Charleston Division of the District of South Carolina as a substantial part of the events giving rise to the claim occurred there.

3. This suit arises from a motor vehicle collision that occurred on US-17S in Charleston County, South Carolina, on April 26, 2023.

4. Plaintiff previously submitted a claim based on the allegations herein to the United States Department of Veteran affairs for administrative settlement on July 31, 2023. The Department of Veteran affairs has not responded in over six months. Accordingly, Plaintiff has complied with the requirements of the

1

Federal Tort Claims Act for the timely filing of claims and hereby institutes the present lawsuit.

## PARTIES

5. The Plaintiff, Devonte Smith, is a resident of the County of Charleston, South Carolina.

6. The United States Department of Veterans Affairs is, and was at all times relevant herein, a governmental agency of Defendant United States of America. Pursuant to the requirements of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., Defendant United States of America is the properly named defendant in this lawsuit.

## FACTUAL FOUNDATION FOR THIS ACTION

7. On or about April 26, 2023, Devonte Smith was traveling as a passenger in a vehicle west on US-17S.

8. At the time and place above, Lawanda Parks was driving a vehicle for the United States Department of Veterans Affairs.

9. Lawanda Parks drove the United States Department of Veterans Affairs vehicle into the passenger side of Plaintiff's vehicle.

10. At the time of the collision on April 26, 2023, Lawanda Parks was acting as an agent or employee of the U.S. Department of Veterans Affairs (hereinafter Defendant's driver).

11. At the time of the collision with Plaintiff's vehicle on April 26, 2023, Defendant's driver was driving too fast for conditions.

12. At the time of the collision with Plaintiff's vehicle on April 26, 2023, Defendant's driver failed to keep a proper lookout.

13. At the time of the collision with Plaintiff's vehicle on April 26, 2023, Defendant's driver was following too closely to Plaintiff's vehicle.

14. Defendant's driver was at fault for causing the collision with Plaintiff's vehicle.

15. As a direct and proximate cause of Defendant's actions and omissions, Plaintiff suffered injuries and damages.

16. As a direct and proximate result of Defendant's actions and omissions and the automobile collision of April 26, 2023, Plaintiff has sustained property damages, pain, suffering, discomfort, actual damages, medical expenses, lost wages, impairment of health and bodily efficiency, emotional distress, and mental anguish.

17. Plaintiff has been compelled to expend, and may in the future be compelled to expend, significant sums of monies for medical treatments and for the services of medical providers as a direct result of injuries sustained in this collision.

18. At all times relevant, Defendant's driver was an agent or employee of the U.S. Department of Veterans Affairs, an agency of Defendant United States of America, and acting within the course and scope of her agency and employment of the U.S. Postal Service, and under the direction and control of the U.S. Department of Veterans Affairs at the time of the subject collision.

## FOR A FIRST CAUSE OF ACTION – NEGLIGENCE

19. Plaintiff incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

20. Defendant owed a duty to Plaintiff to operate the U.S. Department of Veterans Affairs vehicles safely, with reasonable care, and in accordance with all laws concerning the operation of a motor vehicle.

21. Defendant's driver was negligent, willful, wanton, and reckless and breached the duties owed to Plaintiff in one or more of the following ways:

    a. In operating the U.S. Department of Veterans Affairs vehicles in a negligent and/or reckless manner;

    b. In driving too fast for the conditions;

    c. In following the Plaintiff's vehicle too closely;

    d. In failing to keep a proper lookout;

    e. In failing to keep the U.S. Department of Veterans Affairs vehicles under proper control;

    f. Failing to properly and timely apply the brakes on the vehicle;

    g. Failing to use the degree of care and caution that a reasonably prudent driver would have used under the circumstances then and there prevailing;

    h. In failing to maintain a safe distance of travel between Defendant's vehicle and Plaintiff's vehicle;

    i. In failing to take evasive action to avoid the collision;

    j. Otherwise operating a vehicle without exercising reasonable care and in a negligent, willful, wanton, and reckless manner; and

5

    k. Violating various statutes, U.S. Department of Veterans Affairs requirements, policies, and ordinances designed to protect the public, including Plaintiff, from the type of harm that was caused by the Defendant's conduct related to the subject collision;

22. Defendants' careless, negligent, grossly negligent, reckless, and unlawful acts were a direct and proximate cause of the collision and the resulting injuries and damages to Plaintiff, including property damages, physical injury, harm, past and future medical expenses, past and future physical and mental pain and suffering, emotional and psychological damage, and loss of enjoyment of life.

23. Plaintiff seeks actual damages under this cause of action.

24. Defendant U.S. Postal Service is vicariously liable for the acts and/or omissions, negligence, and recklessness of Defendant's driver under the doctrine of respondeat superior.

## FOR A SECOND CAUSE OF ACTION – NEGLIGENCE PER SE

25. Plaintiff incorporates by reference, as if fully set forth, each and every allegation in the preceding paragraphs.

26. Defendant had a duty to operate their vehicles in compliance with state and federal laws, rules, regulations, and guidelines designed to protect the health and safety of all persons traveling on the roadway.

27. Defendant failed to comply with state laws, rules, regulations, and guidelines designed to protect the health and safety of all persons traveling on the roadway.

28. Defendant was negligent per se in violating the following statutes and/or

6

regulations:

    a. S.C. Code § 56-5-730 which relates to required obedience to traffic laws;

    b. S.C. Code § 56-5-1930 which relates to following too closely;

    c. S.C. Code § 56-5-1520(A) which relates to driving a speed that is reasonable and prudent under the conditions and so as to avoid colliding with another vehicle;

    d. any other statutes or regulations which were violated as ascertained during the course of discovery.

29. These laws prescribe certain actions and define certain standards of conduct. Plaintiff is in the class of persons sought to be protected by these laws. Plaintiff's injuries and damages represent the type of harm the regulations were intended to prevent. To the extent Defendant's conduct violated this regulation, such conduct constitutes negligence per se.

30. Defendant's negligence per se was a direct and proximate cause of the collision and the resulting injuries and damages to Plaintiff, including property damages, physical injury, harm, past and future medical expenses, past and future physical and mental pain and suffering, emotional and psychological damage, and loss of enjoyment of life.

31. Plaintiff seeks actual damages under this cause of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, including damages for physical injury and harm, property damages, past and future medical expenses, past and future physician and mental pain and suffering, emotional and psychological damage, loss of enjoyment of life, the costs of this action, and for any additional relief this Court deems just and proper.

Respectfully Submitted,

CAVANAUGH AND THICKENS, LLC

*S/ William H. Yarborough, Jr.*
Joseph O. Thickens, Fed ID No. 11732
William H. Yarborough, Jr., Fed ID No. 12465
Cavanaugh & Thickens, LLC
1717 Marion Street (29201)
Post Office Box 2409
Columbia, SC 29202
Tel: (803) 888-2200
Fax: (803) 888-2219
Joe@ctlawsc.com
will@ctlawsc.com

Columbia, South Carolina

June 12, 2024